UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AYMAN MAHDY, M.D. individually and as father and next friend to J.M., a minor, and J.M., a minor, | Case No. 1:16-cv-845 |
| | Judge Timothy S. Black |
| Plaintiffs, | |
| vs. | |
| MASON CITY SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

**ORDER DENYING DEFENDANT MASON CITY SCHOOL DISTRICT'S
MOTION TO DISMISS (Doc. 9) AND
GRANTING PLAINTIFF'S MOTION TO AMEND (see Doc. 16)**

This civil action is before the Court on Defendant Mason City School District's motion for leave to dismiss the complaint (Doc. 9) and Plaintiffs' responsive memorandum (Doc. 16).

### I.  FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff Ayman Mahdy, individually and on behalf of his 5-year-old daughter, claims that the Defendants violated his daughter's rights under the Constitution and laws of the United States to be free from national origin, ethnic, and religious discrimination in her public school setting.  (Doc. 1 at ¶ 1).

Defendant Mason City School District has moved the Court to dismiss Plaintiffs' claims against it on the grounds that Mason City School District is not *sui juris*. Specifically, Defendant argues that the "Mason City School District Board of Education" is the party amenable to suit.  Plaintiffs agree and seek to amend the complaint.

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plausibility "is not akin to a 'probability requirement,'

2

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

      **B.**    **Motion to Amend**

While Fed. R. Civ. P. 15(a) governs amendments to pleadings, when, as here, the motion to amend is filed after the date set forth in the Court's scheduling order, the standards of both Rule 15(a) and 16(b) apply. *Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11cv1118, 2012 U.S. Dist. LEXIS 160907, at *5-7 (S.D. Ohio Nov. 9, 2012) (citing *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010)). Therefore, the plaintiff must first show good cause under Rule 16(b) for failure to timely seek leave to amend, and the district court must also evaluate prejudice to the non-moving party. *Id.* at 5-6. *See also Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, No. 10-6102, 2012 U.S. App. LEXIS 21793, at *50-51 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders."). The limitation contained in Rule 16 is "designed to ensure that at some point both the parties and the pleadings will be fixed." *Id.*

In determining whether good cause exists under Rule 16, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Vanburen*, 2012 U.S. Dist. LEXIS 160907 at 5-7.

3

The Court must also consider the potential prejudice to the non-movant. *Johnson,* 2012 U.S. App. LEXIS 21793 at 50-51 ("In balancing Rules 15 and 16, this Court considers the movant's diligence in attempting to meet the case management order's deadlines and whether the opposing party will suffer prejudice by virtue of the amendment.").

Where the movant demonstrates good cause under Rule 16(b), the court should then evaluate the proposed amendment under the liberal policy of Rule 15(a). *Vanburen*, 2012 U.S. Dist. LEXIS 160907 at 6-8. Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. The rule is to be liberally construed in favor of allowing amendments, and reinforces the principle that cases "should be tried on their merits." *See, e.g., Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Factors that may be considered include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Vanburen*, 2012 U.S. Dist. LEXIS 160907 at 7-8. There must be at least some significant showing of prejudice to the opponent to justify denial of a motion for leave to amend. *Moore*, 790 F.2d at 562. In the absence of such factors, leave is generally granted.

### III. ANALYSIS

Plaintiffs named "Mason City School District" as one of the defendants in this case. This "entity" does not exist and is not *sui juris*. It is the Board of Education of the school district that is the body politic and corporate which is capable of suing and being sued. Ohio Revised Code § 3313.17. *See also Wortham v. Akron Pub. Schs.*, No.

5:08cv233, 2008 U.S. Dist. LEXIS 22253, at *4 (N.D. Ohio Mar. 20, 2008) ("In legal actions involving the schools, it is the board of education that must be sued.").

While Plaintiffs clearly named an entity that is not capable of being sued, dismissal is not the proper remedy at this stage in the litigation. Rule 15(a) provides a liberal standard of permitting amendments to ensure the determination of claims on their merits. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Here, an amendment to name the proper party is timely and would not cause prejudice or harm to any party.

### IV.   CONCLUSION

Accordingly, for these reasons, Defendant Mason City School District's motion to dismiss (Doc. 9) is **DENIED** and Plaintiffs' motion to amend (contained within Doc. 16) is **GRANTED**. Plaintiffs shall file an amended complaint forthwith.

**IT IS SO ORDERED**.

Date: ___1/3/2017___

*Timothy S. Black*
Timothy S. Black
United States District Judge